Argued and submitted November 28, 1984, affirmed October 9, reconsideration denied December 6, 1985, petition for review allowed January 28, 1986 (300 Or 506)

## VOLLERTSEN,
*Appellant,*

*v.*

## LAMB et ux,
*Respondents.*

(A8212-07824; CA A32343)

706 P2d 1022

Laurence L. Janke, Portland, argued the cause for appellant. With him on the brief was Janke, Kelley, Petersen & Sullivan, Portland.

Richard C. Baldwin, Portland, waived appearance for respondents.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendants are former tenants of a house which plaintiff owns. More than one year after the tenancy terminated, plaintiff sued them for unpaid rent and for waste, alleging that they had damaged the house. The trial court dismissed the action on the ground that plaintiff's exclusive remedy was through the Residential Landlord/Tenant Act, ORS 91.700 *et seq* (the Act), and that ORS 12.125 required that an action under the Act be commenced within a year. Plaintiff appeals. We affirm.

Plaintiff's second amended complaint states claims under ORS 91.220[1] for unpaid rent and under ORS 105.805[2] for waste. As well as holding that the Act provided plaintiff's exclusive remedy, the trial court specifically held that ORS 105.805 does not apply to a month-to-month tenancy. Although each of these holdings is not free from doubt,[3] we

---

[1] ORS 91.220 provides:

"(1) Every person in possession of land out of which any rent is due, whether it was originally demised in fee, or for any other estate of freehold, or for any term of years, is liable for the amount or portion of rent due from the land in his possession, although it is only a part of what is originally demised.

"(2) Such rent may be recovered in an action at law, and the deed of demise, or other instrument in writing, if there is any, showing the provisions of the lease, may be used in evidence by either party to prove the amount due from the defendant.

"(3) This section shall not deprive landlords of any other legal remedy for the recovery of their rents, whether secured to them by their leases or provided by law."

[2] ORS 105.805 provides:

"If a guardian, conservator or tenant in severalty, or in common, for life or for years of real property commits waste thereon, any person injured thereby may maintain an action at law for damages against the guardian, conservator or tenant. In the action there may be judgment for treble damages, forfeiture of the estate of the party committing or permitting the waste and eviction from the property. Forfeiture and eviction shall only be given in favor of the person entitled to a reversion against the tenant in possession, when the injury to the estate in reversion is determined in the action to be equal to the value of the tenant's estate or unexpired term, or when the waste was committed with malice."

[3] The Act may be a comprehensive statement of the residential landlord and tenant relationship and thus may totally replace the *common law* on that subject. *See* 3 Sands, *Sutherland Statutory Construction* § 6103 at 51-52 (4th ed 1973). However, it is not clear that it also worked an implied repeal of the *statutes* which are the bases of plaintiff's claims.

ORS 105.805 gives an action for waste to the reversioner under a tenancy for years. ORS 91.220 appears to apply primarily to that tenancy. At common law, a

need not decide the correctness of either. ORS 12.125 provides:

> "An action arising out of a rental agreement or ORS 91.700 to 91.895 shall be commenced within one year."

Even if plaintiff's claims are based on statutes which were not affected by the adoption of the Act, they still arise under a rental agreement. The rental agreement between plaintiff and defendants created the obligation to pay rent; ORS 91.220 simply provides a method of enforcing the obligation. That agreement also demised the premises to defendants; that demise, and the specific terms of the agreement, are the necessary foundation for plaintiff's statutory claim for waste. The legislature adopted ORS 12.125 in 1973 as part of its thorough revision of residential landlord and tenant law. The statutory language expresses the legislative intent that all landlord and tenant disputes, both those covered by the Act and those not, be brought to court within one year after they arise. Plaintiff did not bring this action within the statutory time, and he is therefore barred from bringing it.

Affirmed.

---

tenancy for years was distinct from a periodic tenancy such as one from year-to-year or month-to-month. These statutes may thus not apply to periodic tenancies. *See* Moynihan, *Introduction to the Law of Real Property* (1962) 63-69, 79-83. However, ORS 105.805 originated in the Deady Civil Code of 1862 and has not been substantially altered since. Gen. Laws of Oregon, 1843-1864, Civ Code § 334 (Deady, 1865). Judge Deady took the waste statute from comparable New York and California legislation, although its origins are in medieval England. In *Parrott v. Barney,* 18 Fed Cas 1249, 1251 (No. 10,773a) (D Cal 1868), Judge Deady construed the California statute to apply to a tenancy from year-to-year as well as to a tenancy for years, and that early construction may be relevant to determining the scope of the Oregon law.